# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINKLERFITTERS UNION LOCAL 709, et al., on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br>　vs.<br>SIMPLEX GRINNELL, LP, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 06cv62 BTM (LSP)<br><br>**ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT [Doc. #51]** |

On July 3, 2007, the named Plaintiffs in this action, on behalf of themselves and each of the purported class members, and Defendants filed a joint motion for preliminary approval of a class action settlement, along with a stipulation of final settlement. The Court denied this motion without prejudice on September 5, 2007 on the grounds that: (1) the Court would not approve the settlement or make any preliminary determinations regarding the fairness of the settlement prior to the fairness hearing; and (2) the notification, claim and opt-out procedures submitted by the parties were not acceptable. In this order, the Court also set forth changes to the notification, claim and opt-out procedures which must be made before the Court would grant approval of the class notice procedures.

On November 21, 2007, the parties filed a renewed joint motion seeking preliminary approval of the class action settlement despite the Court's clear indication in its previous order that it would not preliminarily approve a settlement prior to the fairness hearing. For the

reasons set forth in the September 5, 2007 order, the parties' request for preliminary approval of the settlement is denied.

The parties also submitted revised notification, claim and opt-out procedures for the Court's approval. The Court notes that the parties incorporated most of the changes ordered by the Court on September 5, 2007. The notice, however, is still deficient as to the following:

(1) The Notice and the proposed claim form fail to explain how the number of WORKWEEKs has been calculated and how this calculation determines the payment amount that a class member can expect. The Notice must inform the class members how much payment they can expect so that they can make an educated decision on whether to opt out of the class. For an example of the type of explanation that should be added, see ¶ 9 of the class notice approved in In re Charlotte Russe Holding, Inc. Securities Lit., [Doc. #23 at 15-17].

(2) The Court finds that the proposed Notice § III(C), which describes the process for objecting to the settlement, is still unclear and confusing. § III(C) refers to objecting class members filing a "notice of intention to appear" and also makes reference to the need for an " Entry of Appearance." The Notice should be revised to clarify whether a "notice of intention to appear" and "Entry of Appearance" refer to the same requirement.

For the reasons set forth above, the parties' Joint Motion for Preliminary Approval of the Class Settlement [Doc. #51] is **DENIED** without prejudice. The parties are invited to file another renewed motion for approval of the class notice procedures and scheduling of a settlement fairness hearing that corrects the deficiencies identified herein, at their earliest convenience.

**IT IS SO ORDERED.**

DATED: December 3, 2007

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge